## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Marlen A. Rodriguez, a Special Agent with the United States Drug Enforcement Administration, Department of Justice, hereinafter referred to as DEA being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent (SA) with the United States Department of Justice, Drug Enforcement Administration (DEA) assigned to the Caribbean Division San Juan Field Division. I have been employed with the DEA since February 2025. While employed by the DEA, I completed an eighteen-week (18) course at the DEA Training Academy in Quantico, Virginia. During this course, I received formal training in the identification of various types of controlled substance by sight and odor, the way in which controlled substances are packaged, marketed, and consumed, and the effects of various drugs on human physiology. I also received formal training that focused on the transportation and distribution used by persons involved in the transportation, smuggling and distribution of illicit drugs.

2. As a Special Agent employed by the Drug Enforcement Administration (DEA), and defined by Title 21, United States Code, and Section 878(a), I am empowered to conduct criminal investigations, arrests, searches, seizures, and any other law enforcement duties in furtherance of enforcing Title 21, United States Code. I have participated in drug trafficking investigations, including investigations that have resulted in felony arrests for violations of Title 21 of the United States Code. I have participated in surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses, and others who have knowledge of the

distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from controlled substance trafficking.

3. I have drafted this affidavit for the limited purpose of establishing probable cause for the violations listed on the attached criminal complaint and therefore have not included all the facts of this investigation. Based upon my personal knowledge and information furnished to me by other State Law Enforcement Officers, I am fully aware and alleged the following facts to be true and correct:

## FACTS ESTABLISHINHG PROBABLE CAUSE

4. On December 8, 2025, at approximately 6:40 AM, Officer Eliezer Figueroa, badge number 37934, from the Puerto Rico Police Bureau (PRPB) received an alert through the license plate reader system regarding a vehicle bearing Puerto Rico license plate JBT-060, a light grey Jeep Compass (hereinafter referred to as **VEHICLE**). The alert indicated that the **VEHICLE** was associated with an ongoing criminal investigation by PRPB in the city of Guayama, PR. At this time, Officer Eliezer Figueroa broadcasted the vehicle alert over the radio, advising responding units to be on the lookout for the vehicle.

5. On the same day, at approximately 7:00 AM, while conducting a routine patrol, PRPB Officer Padilla-Olivo observed the **VEHICLE** near Martinez Nadal Ave. At that time, based on the prior alert placed on the **VEHICLE**, PRPB Officers Padilla-Olivo (badge 37297) and Edgar Torres (badge 30859) followed the **VEHICLE** and initiated a traffic stop by the Oriental Bank located at Ave. Piñeiro.

6. Officer Padilla-Olivo and Officer Torres exited their patrol vehicles. Officer Padilla-Olivo approached the passenger side and Officer Torres approached the driver side of

the suspect **VEHILCE**. As they advanced towards the front of the **VEHILCE**, they observed that the window tint appeared excessively dark and could not inspect inside the **VEHILCE**. The officer instructed the occupants to lower their windows and place their hands outside. The front windows were lowered; however, the rear windows remained up. Due to the dark tint, the officers were unable to see into the back seat of the **VEHICLE**. Given the **VEHICLES'** prior alert for criminal investigations and the officer's inability to visually inspect the rear passenger seats, Officer Padilla-Olivo opened the rear passenger-side door for officer safety.



7. As Officer Padilla-Olivo opened the rear passenger-side door he immediately observed, in plain view, a large black duffle bag containing what appeared to be the grip of a rifle, as well as a .223/5.56 round on the floor of the back seat.

8. At this time, the occupants of the **VEHICLE**, later identified as Luis Isander **MEDINA VAZQUEZ** (driver) and Giann **CORREA DAIZ** (passenger), were detained and transported to the Puerto Rico Police Department, Patrullas de Autopista Buchanan for processing. In addition, Officer Padilla-Olivo secured and sealed the

**VEHICLE** which was also transported to the aforementioned precinct. PRPB retrieved a blue iPhone from **MEDINA VAZQUEZ** that was later transferred to DEA as evidence.

9. Officers from the Autopista Division were aware that Task Force Officer (TFO) Elvis Rosario was involved in an investigation related to **MEDINA VAZQUEZ**. Because of this, they contacted TFO Rosario to inform him that **MEDINA VAZQUEZ** was in custody. TFO Rosario then notified DEA agents, who subsequently reached out to **MEDINA VAZQUEZ** parole officer (PO), Ingrid Corcino. PO Corcino informed DEA that on December 4, 2025, **MEDINA VAZQUEZ** had appeared in state court and had been granted 1.5 years of probation for his convicted felony.

10. On December 8, Officer Padilla-Olivo submitted a state affidavit for a search warrant for the **VEHICLE**. At approximately 4:45 PM, State Judge Honorable Lisa Durán Ortiz granted the request for a search warrant for the **VEHICLE**. On the same date, at approximately 6:25 PM, the warrant was executed. During the search of the **VEHICLE**, agents discovered three guns from inside the **VEHICLE**. One (1) Glock pistol that had the back plate modified to shoot in fully automatic mode with serial number CAAV288. The modified Glock was loaded with eighteen (18) rounds in the magazine and one (1) in the chamber, located underneath the driver seat. Inside the black duffle bag previously observed in the rear seat, officers found one (1) AK-style pistol, modified to shoot in fully automatic mode, a Zastava ZPAP92 with serial number Z92-077544. The modified AK-style pistol was loaded with thirty-eight (38) rounds in the magazine and one (1) round in the chamber. Also, in the black duffle bag was one (1) semi-automatic rifle with serial number MA-9916-12 RO, loaded with thirty-nine (39) rounds in the magazine and

one (1) round in the chamber. In addition, officers located a half-smoked rolled up cannabis cigar on the floorboard, two 9mm empty bullet shells beneath the passenger side windshield. Based on my training, experience and corroboration from other agents with advanced knowledge, we determined that the Glock (serial number CAAV288) and Zastava (serial number Z92-077) had been modified to function as automatic weapons. Based on my knowledge none of these firearms are manufactured in Puerto Rico. Furthermore, the AK-style firearms and the Glock pistol were found loaded with high-capacity magazines. In addition, the Glock pistol was found to have a modified back plate and loaded with a high-capacity magazine. Based on my training and experience these types of modifications and high-capacity magazines are commonly associated with firearms that have been altered to function as machine guns.



11. After the search warrant was executed, Officer Padilla-Olivo conducted a test of the window tints installed on the **VEHICLE**. The test revealed 4% on all windows, officer Padilla-Olivo issued a citation for illegal window tints. DEA agents provided Miranda warnings to Luis Isander **MEDINA VAZQUEZ** and Giann **CORREA DAIZ**; however, they decided not to answer questions regarding the aforementioned events.

## CONCLUSION

12. Based upon my training, experience and participation in this ongoing investigation, I respectfully submit that pursuant to the evidence presented there is probable cause to believe that Luis Isander **MEDINA VAZQUEZ** has violated Federal Law by committing the following offenses within the jurisdiction of this Court: 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(o).

Date: 12/09/2025

MARLEN RODRIGUEZ
Digitally signed by MARLEN RODRIGUEZ
Date: 2025.12.09 18:15:25 -04'00'

Special Agent Marlen A. Rodriguez

Sworn to before me this 9th day of December of 2025 at 6:34 p.m.

HON. HECTOR RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO